IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM LEE BURKE,

    Plaintiff,                    No. 2:11-2588 JAM KJN P

    vs.

AMY BABBITS, et al.,               ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner[1] proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

---

[1] At the time plaintiff filed his complaint he was housed in the Shasta County Jail. However, on May 18, 2012, plaintiff filed a change of address indicating he is now incarcerated at High Desert State Prison.  (Dkt. No. 8.)

1

fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

1  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
2  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
3  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
4  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
5  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
6  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
7  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
8  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
9  as true the allegations of the complaint in question,  id., and construe the pleading in the light
10 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
11 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

12         Plaintiff names as defendants public defender Amy Babbits and the Shasta County
13 Public Defender's Office.  Plaintiff alleges that defendants were professionally negligent and
14 committed legal malpractice.  (Dkt. No. 1 at 4.)  Plaintiff alleges that defendants violated
15 plaintiff's right to a speedy trial and fair bail, and claims other defects in defendants'
16 representation of plaintiff in his underlying criminal action.

17         To state a cognizable claim under § 1983, a plaintiff must allege: (1) a violation of
18 a right secured by the Constitution and the laws of the United States; and (2) that the deprivation
19 was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 28
20 (1988); Ketchum v. County of Alameda, 811 F.2d 1243, 1245 (9th Cir. 1987).  Here, plaintiff's
21 allegations consist of general, legal malpractice claims against his public defender in a criminal
22 matter.  However, defense attorneys (including public defenders or appointed counsel) do not act
23 under color of state law for the purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312,
24 325 (1981); Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (noting that attorneys are
25 generally private, not state, actors).  Plaintiff's complaint does not allege any facts suggesting
26 that his attorney acted in a manner that went beyond the traditional functions of a lawyer.  Polk,

3

454 U.S. at 325.  Accordingly, plaintiff's allegations of general, legal malpractice fail to state a cognizable claim under § 1983 and must be dismissed.[2]  See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (holding that plaintiff's legal malpractice claims do not come within the jurisdiction of federal courts).  Accordingly, plaintiff fails to state cognizable claims against defendants.  Because amendment would be futile, the complaint should be dismissed without leave to amend.

IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted; and

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

////

////

////

////

---

[2] It appears that in California, as in most jurisdictions, a legal malpractice claim arising out of a criminal proceeding requires proof of actual innocence. See Wiley v. County of San Diego, 19 Cal. 4th 532, 545, 79 Cal. Rptr. 2d 672 (1998).  Therefore, to the extent plaintiff is seeking post-conviction relief in federal court so that he may proceed with a legal malpractice action against his former attorney in state court, he is advised that he must file a habeas petition and not a § 1983 action.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

1  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

3  F.2d 1153 (9th Cir. 1991).

4  DATED: May 22, 2012

                                  _____
                                  KENDALL J. NEWMAN
                                  UNITED STATES MAGISTRATE JUDGE

burk2588.56